DAVID D. AND TIENJEN YUE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yue v. Commissioner
Docket No. 24414-87
United States Tax Court
T.C. Memo 1994-57; 1994 Tax Ct. Memo LEXIS 58; 67 T.C.M. (CCH) 2161; February 14, 1994, Filed *58 David D. and Tienjen Yue, pro se. For respondent: John P. Jankowski. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case is before the Court on petitioner's Motion for Leave to File Motion to Vacate Out of Time, filed on January 24, 1994. The facts, as alleged in the motion or as otherwise shown in the record, are as follows. By a notice of deficiency dated April 15, 1987, respondent determined deficiencies and additions to tax were due from petitioners for the taxable years 1983, 1984, and 1985. The deficiencies resulted from respondent's disallowance of short term capital losses and carryovers of these losses (Drexel/Conti issue), the disallowance of miscellaneous deductions, the inclusion in income of unreported interest, and the disallowance of portions of claimed medical expense deductions. Petitioner David D. Yue, appearing pro se, filed a timely petition with the Court. At the time the petition was filed petitioners resided in Bethesda, Maryland. Petitioner designated Washington, D.C. as the place of trial. The so-called Drexel/Conti issue is the subject of approximately 50 cases. On March 1, 1993, this case, together with other cases involving *59 the Drexel/Conti issue, was calendared for a pretrial hearing in Houston, Texas, commencing on April 29, 1993. Houston, Texas was chosen as the place of the hearing because it was convenient for the greatest number of petitioners. On March 10, 1993, the Court received from petitioners a document entitled a "Motion to Remove" that was filed as a Motion to Continue. In that motion, petitioners sought "to remove the afore-mentioned petition * * * from the United States Tax Court in regard to DREXEL/CONTI case." That motion was denied on March 16, 1993. When this case was called from the calendar on April 29, 1993, there was no appearance by or on behalf of petitioners, and counsel for respondent orally moved to dismiss the case for failure to properly prosecute. The Court took that motion under advisement. On May 7, 1993, respondent filed a written motion to dismiss. On June 7, 1993, the Court granted respondent's motion, dismissed the case, and entered its decision. On January 24, 1994, petitioners filed the motion that is currently under consideration. At the same time, petitioners have lodged with the Court a Motion to Vacate Decision. The salient facts alleged in the motion *60 for leave are that, at the time that the case was set for hearing in Houston, petitioner David D. Yue was out of the country and did not know about the hearing. This is disingenuous. Petitioner David D. Yue filed the motion to continue after the Court's Order of March 1, 1993, and he clearly knew about the pretrial hearing. Petitioners simply ignored our Order of March 1, 1993. Be this as it may, petitioners face a more difficult problem. A nonappealed decision of this Court becomes final "Upon the expiration of the time allowed for filing a notice of appeal". Sec. 7481(a)(1).[1] The time allowed for filing a notice of appeal is 90 days. Sec. 7483. This Court is a court of limited jurisdiction and only may exercise jurisdiction to the extent expressly permitted by Congress. . There is no statutory provision that allows the Tax Court to reopen a final decision. The motion for leave in this case was filed long after the decision in this case became final, and, accordingly, this Court has no jurisdiction to grant the relief requested. *61 We recognize that there is a limited exception to this jurisdictional bar where a decision is based on "fraud on the Court." See , and cases cited therein. [2] The concept of fraud on the court is limited to "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication". (quoting 7 Moore, Moore's Federal Practice, par. 60.33, at 511 (2d ed. 1971)); see also . No such allegations are even suggested in this case. Petitioners' motion must be denied. *62 An appropriate order will be issued. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue.↩
2. In , revg. an Order of this Court, the Court of Appeals for the Sixth Circuit held that this Court's jurisdiction to vacate a final decision also extended to situations where the decision contained a mutual mistake of the parties. There is no such allegation here, and we need not consider the matter further.↩